IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

LARRY J. EDWARDS                                                                             PLAINTIFF

v.                                        4:21-cv-00585-DPM-JJV

KILOLO KIJAKAZI,
Acting Commissioner,
Social Security Administration,                                                           DEFENDANT

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

### INSTRUCTIONS

This recommended disposition has been submitted to Chief United States District Judge D. P. Marshall Jr.   The parties may file specific objections to these findings and recommendations and must provide the factual or legal basis for each objection.   The objections must be filed with the Clerk no later than fourteen (14) days from the date of the findings and recommendations.   A copy must be served on the opposing party.   The district judge, even in the absence of objections, may reject these proposed findings and recommendations in whole or in part.

### RECOMMENDED DISPOSITION

Plaintiff, Larry Edwards, has appealed the final decision of the Commissioner of the Social Security Administration to deny his claim for disability insurance benefits.   Both parties have submitted appeal briefs and the case is ready for a decision.

A court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and free of legal error.  *Slusser v. Astrue*, 557 F.3d 923, 925 (8th Cir. 2009); *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997); *see also* 42 U.S.C. §§ 405(g), 1383(c)(3).   Substantial evidence is such relevant evidence as a

reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Reynolds v. Chater*, 82 F.3d 254, 257 (8th Cir. 1996). In assessing the substantiality of the evidence, courts must consider evidence that detracts from the Commissioner's decision as well as evidence that supports it; a court may not, however, reverse the Commissioner's decision merely because substantial evidence would have supported an opposite decision. *Sultan v. Barnhart*, 368 F.3d 857, 863 (8th Cir. 2004); *Woolf v. Shalala*, 3 F.3d 1210, 1213 (8th Cir. 1993).

The history of the administrative proceedings and the statement of facts relevant to this decision are contained in the Commissioner's briefs and are not in serious dispute. Therefore, they will not be repeated in this opinion except as necessary. After careful consideration of the record as a whole, I find the decision of the Commissioner is supported by substantial evidence.

Plaintiff was forty-eight years old at the time of the administrative hearing. (Tr. 22.) He has a very limited education - testifying he left school at the age of fourteen. (Tr. 35.) He has past relevant work as a trackhoe operator. (Tr. 33.)

The Administrative Law Judge (ALJ)[1] found Mr. Edwards had not engaged in substantial gainful activity since August 1, 2018, the amended alleged onset date. (Tr. 13.) He has "severe" impairments in the form of "lumbar spine, chronic pain syndrome, obesity and fibromyalgia." (*Id.*) The ALJ further found Mr. Edwards did not have an impairment or combination of impairments meeting or equaling an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix

---

[1]The ALJ followed the required sequential analysis to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; and (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy. 20 C.F.R. §§ 416.920(a)-(g) and 404.1520(a)-(g).

1.[2]   (Tr. 15-16.)

The ALJ determined Mr. Edwards had the residual functional capacity to perform the full range of light work given his impairments.  (Tr. 15.)  Given his residual functional capacity assessment, the ALJ determined Plaintiff could no longer perform his past work.  (Tr. 22.)  The ALJ then utilized the Medical-Vocational Rules and concluded Plaintiff was "not disabled."  (Tr. 23.)  Accordingly, the ALJ determined Mr. Edwards was not disabled.  (22.)

The Appeals Council denied Plaintiff's request for a review of the ALJ's decision, making his decision the final decision of the Commissioner.  (Tr. 1-4.)  Plaintiff filed the instant Complaint initiating this appeal.  (Doc. No. 2.)

Plaintiff brings a number of arguments in support of his Complaint.  He argues, *inter alia*, the ALJ 1) failed to fully and fairly develop the record regarding his mental impairment and limitations; 2) failed to find "severe" mental and non-exertional manipulative impairments; 3) incorrectly determined he could perform the full range of light work; and 4) improperly relied on only the Medical-Vocational Rules without utilizing a vocational expert.

Plaintiff brings forth some good arguments.  At first blush, it appears the ALJ might have been deliberate in his findings to lead to allow for a conclusion utilizing only the Medical-Vocational Rules.  But upon close review of the medical evidence, I find the ALJ's decision is supported by substantial evidence.

As an initial matter - as the Commissioner argues - it is Plaintiff's burden to prove his disability.  Mr. Edwards has simply failed to do so in this case.

Mr. Edwards arguments mainly hinge on the evidence of his depression/mood disorder. He has been diagnosed with major depressive disorder, (*see e.g.*, Tr. 435, 577), and his treating

---

[2]420 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926.

psychiatrist, Kevin Price, M.D., has opined that Plaintiff is extremely limited in his ability to perform work related activities. (Tr. 428.) Normally Dr. Price should be afforded deference as Plaintiff's treating doctor. However, the ALJ concluded, "The examination findings from Dr. Price do not support the presence of a severe mental impairment. Furthermore, the findings do not support the presence of any functional limitation." (Tr. 20.) For these reasons, the ALJ found ". . . the statements of Dr. Price [ ] to not be persuasive." (Tr. 22.)

Upon close review of the treatment records, the ALJ could rightly discount the opinions of Dr. Price and could fairly conclude that Plaintiff's depression/mood disorder failed to amount to a "severe" impairment. (Tr. 433-462, 577-591.) On June 11, 2019, Dr. Price reported Plaintiff had no useful ability to function on a sustained basis in twelve areas. (Tr. 428.) Those areas included responding appropriately to supervision, co-workers, and usual work settings; complete a normal workday and work week without interruptions from psychologically based symptoms; get along with coworkers or peers without distracting them or exhibiting behavioral extremes; behave in a [sic] emotionally stable manner; relate predictably in social situations; and work without deterioration or decompensation causing the individual to withdraw from the situation or causing exacerbation of symptoms or adaptive behaviors. (Id.) On that same day, Dr. Price's treatment notes state Mr. Edwards ". . . reports he has had some improvement in depression. . . he and his wife are getting along better. [H]e still has some significant anhedonia and low motivation at times. [H]e reports during the day he helps his daughter with her animals." (Tr. 441.) More significantly, Dr. Price's examination notes show Mr. Edwards was "awake and alert, well groomed...pleasant and cooperative" with normal speech, appropriate language, no delusions or hallucinations, associations intact, normal and logical. (Id.) I recognize his mood was reported as "euthymic, depressed with full, constricted/flat" affect, but his insight, judgment, and knowledge were all reportedly appropriate and he was cooperative with normal psychomotor

4

activity. (*Id.*) Simply put, Dr. Price's treatment notes fail to support his statements regarding Plaintiff's mental limitations. Accordingly, the ALJ could rightly discount his opinion.

Furthermore, given a close review of Plaintiff's treatment records, I find substantial evidence to support the ALJ's decision that, "The claimant's medically determinable mental impairment of a mood disorder does not cause more than minimal limitation in the claimant's ability to perform basic mental work activities and is therefore nonsevere." (Tr. 14.)

Without question, Plaintiff suffers from some degree of physical and mental limitations. "Disability" is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A) (emphasis added). A "physical or mental impairment . . . results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3). Although Plaintiff has been diagnosed with mental illness, the ALJ's residual functional capacity assessment is supported by substantial evidence of record.

With regard to the ALJ developing the record, Plaintiff says:

> In this case there is an extreme discrepancy in opinion evidence regarding Plaintiff's mental impairments and limitations. On one hand, non-treating, non-examining state agency medical consultants opined Plaintiff had no severe mental impairment! [Tr. 58, 72] On the other hand, Plaintiff's treating psychiatrist Dr. Kevin Price opined Plaintiff had disabling limitations resulting from his mental impairments. [Tr. 428] The ALJ should have reconciled this extreme contrast in opinion evidence by ordering a mental consultative examination.

(Doc. No. 9 at 6.)

Plaintiff bears a heavy burden in showing the record has been inadequately developed. He must show both a failure to develop necessary evidence and unfairness or prejudice from that failure. *Combs v. Astrue*, 243 Fed.Appx. 200, 204 (8th Cir. 2007). Plaintiff has shown neither.

"While an ALJ should recontact a treating or consulting physician if a critical issue is undeveloped, the ALJ is required to order medical examinations and tests only if the medical records presented to him do not give sufficient medical evidence to determine whether the claimant is disabled." *Martise v. Astrue*, 641 F.3d 909, 926–27 (8th Cir. 2011) (internal citations and quotations omitted). Here, Dr. Price's opinion was properly given no weight. Regardless, ultimately it is the Plaintiff's responsibility to provide specific medical evidence to support his claim. 20 C.F.R. § 416.912; *see Cox v. Barnhart*, 471 F.3d 902, 907 (8th Cir. 2006).

The ALJ is permitted to issue a decision without obtaining additional evidence as long as the record is sufficient to make an informed decision. *E.g., Haley v. Massanari*, 258 F.3d 742, 749 (8th Cir. 2001); *Anderson v. Shalala*, 51 F.3d 777, 779 (8th Cir. 1995). In this case, the record contains adequate medical records to support the ALJ's decision that Plaintiff is capable of performing light work activities.

Plaintiff has advanced other arguments which I find are without merit. Mr. Edwards's counsel has done an admirable job advocating for his rights in this case.

While I find this case to be a close call, I ultimately conclude Plaintiff has failed to carry his burden of proving he is disabled. I recognize another ALJ or reviewing court might come to a different conclusion in this case. But holding true to the law, it is not the task of this Court to review the evidence and make an independent decision. Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts his findings. The test is whether there is substantial evidence on the record as a whole which supports the decision of the ALJ. *E.g., Mapes v. Chater*, 82 F.3d 259, 262 (8th Cir. 1996); *Pratt v. Sullivan*, 956 F.2d 830, 833 (8th Cir. 1992).

I have reviewed the entire record, including the briefs, the ALJ's decision, the transcript of the hearing, and the medical and other evidence. There is ample evidence on the record as a whole

that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case.  *Richardson v. Perales*, 402 U.S. at 401; *see also Reutter ex rel. Reutter v. Barnhart*, 372 F.3d 946, 950 (8th Cir. 2004).   The Commissioner's decision is not based on legal error.

IT IS THEREFORE RECOMMENDED that the final decision of the Commissioner be affirmed and Plaintiff's Complaint be dismissed with prejudice.

DATED this 18th day of March 2022.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE